This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kevin Cooper, has appealed from the order of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his motion for modification of health care cost responsibilities. We affirm.
Appellant and Appellee, Susan LaPilusa, were married on August 10, 1984. Two children were born of the marriage, Scott and Olivia. On September 24, 1993, the marriage was terminated by way of a dissolution decree. A separation agreement and shared parenting plan were incorporated into the dissolution decree. On March 28, 2000, Appellant moved to modify child support and the agreement regarding health care expenses. On July 10, 2000, a hearing on the matter was held before a magistrate. On August 10, 2000, the magistrate issued his decision on the matter and recommended that Appellant's motions be denied finding that there had been no change in circumstances. Appellant filed timely objections to the decision and Appellee filed her response in opposition to said objections. On November 9, 2000, the trial court issued an order overruling Appellant's objections and denying Appellant's motions. Appellant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred as a matter of law in denying Appellant's post decree motion to modify the parties' respective responsibilities for out-of-pocket medical expenses incurred on behalf of the minor children.
 In his sole assignment of error, Appellant has argued that the trial court erred when it denied his motion for modification of the parties' agreement regarding responsibility of payment of out-of-pocket health care expenses. We disagree.
R.C. 3109.04(E)(1)(a) provides in part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
 The Ohio Supreme Court has held that "R.C. 3109.04
requires a finding of a `change in circumstances.' Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion." Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. An abuse of discretion is more than mere error. It must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Appellant has alleged that the trial court erred in finding that there was not a change in circumstances not contemplated by the parties at the time of the dissolution decree with regard to the non-covered medical expenses. Upon review of the record, this Court finds that this allegation is not supported by the record.
The shared parenting agreement provides that Appellant "shall pay all of the non-covered medical, dental, prescription drug, psychological, optometric, orthodontic, and other health expenses." The testimony presented at trial by Appellant regarded possible orthodontic treatment, special schools which may become necessary, and psychological counseling assistance that he might utilize. Accordingly, substantially all of the expenses contemplated were merely hypothetical. In fact, he was unable to indicate when or if many of the expenses would come to fruition. Therefore, while Appellant may hypothesize about costs which may arise in the future, such speculation does not constitute a change in circumstances. Appellant did present limited testimony about some expenses that had been incurred, however, those expenses all appear to be expenses contemplated at the time of the dissolution and therefore do not constitute a change in circumstances.
Appellant also appears to argue that the trial court should have modified the agreement because he is now individually responsible for the out-of-pocket medical costs, whereas at the time of the agreement the costs were covered by his employer. He has argued that this shift in payment responsibility is a change in circumstances not contemplated at the time of the dissolution decree. Assuming arguendo that such a change would be sufficient to meet the first part of R.C. 3109.04(E)(1)(a), he has failed to show how such a modification is in the best interests of the children.
Accordingly, the trial court did not abuse its discretion in denying Appellant's motion. Appellant's assignment of error is without merit and the order of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
BAIRD, P.J., WHITMORE, J. CONCUR.